**KSB Litigation, P.S.**
Jeffry K. Finer, WSBA # 14610
510 West Riverside, 3rd Floor
Spokane, WA 99201 509 981-8960
Email: jfiner@ksblit.legal

**Law Office of Andrew S. Biviano, PLLC**
Andrew S. Biviano, WSBA #38086
25 West Main Avenue, Suite 218
Spokane, WA  99201 (509) 209-2630
Email: andrewbiviano@me.com

**Disability Rights Washington**
David R. Carlson, WSBA # 35767
901 N. Monroe, Suite 340
Spokane, WA 9921 (206) 324-1521
Email: davidc@dr-wa.org

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER SENN; JASON BEWLEY; JERED FULLEN, DISABILITY RIGHTS WASHINGTON, and JEWELS HELPING HANDS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SPOKANE, a municipal corporation; SPOKANE COUNTY, a municipal corporation; OZZIE KNEZOVICH, in his official capacity as Spokane County Sheriff; CRAIG MEIDL, in his official capacity as Spokane Police Chief; <br> Defendants. | NO.  2:22-cv-254-SAB <br><br> PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

PLAINTIFFS' APPLICATION FOR TEMPORARY
RESTRAINING ORDER: 1

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs ask the Court to issue an *ex parte* temporary restraining order to preserve the status quo until the Court rules on Plaintiffs' motion for preliminary injunction and prevent irreparable harm to Plaintiffs and the exceptionally vulnerable residents of Camp Hope. This application is made on the grounds set forth in the accompanying Amended Motion for Preliminary Injunction filed herewith; all pleadings and papers filed in this action; the argument of counsel; and further evidence as the Court may consider at or before a hearing regarding this Application or the hearing regarding the Order to Show Cause and preliminary injunction requested herein.

Despite the filing of the present action and a pending motion for preliminary injunction, Defendants have recently taken active and vigorous steps to initiate an immediate sweep of all residents of Camp Hope, to include a massive police and sheriff presence and the distribution of leaflets telling residents that a sweep is imminent. Defendants have not provided a date on which they intend to sweep, meaning that it could occur at any time and prior to any judicial review of the constitutionality of the sweep. Plaintiffs thus have no remedy available at law other than this request for a TRO to prevent the violation of constitutional rights, loss of personal property, and significant harm to residents, especially those with disabilities.

Plaintiffs incorporate the facts and evidence already presented in their initial Motion for Preliminary Injunction (ECF No 4) and evidence filed therewith, their Amended Complaint (ECF No. 14), and the Amended Motion for Preliminary

PLAINTIFFS' APPLICATION FOR TEMPORARY
RESTRAINING ORDER: 2

*KSB LITIGATION, P.S.*
510 W. RIVERSIDE AVE., #300
SPOKANE, WASHINGTON 99201
PHONE (509) 624-8988

1    Injunction filed herewith, all of which set forth the needs and rights of the residents

2    of Camp Hope and the efforts made by Defendants to remove residents from the

3    camp. In addition to the events described in these pleadings, Plaintiffs bring to the

4    Court's attention recent events occurring on December 6, 2022, that signal

5    Defendants' imminent threat to remove all residents by force.

6         On December 6, more than a dozen[1] uniformed officers from the Spokane

7    County Sheriff's Office, as well as the Spokane and Spokane Valley police

8    departments, arrived in force at Camp Hope to deliver flyers to residents. *See*

9    Appendix A; https://www.spokesman.com/stories/2022/dec/06/this-camp-is-to-be-

10   closed-confusion-frustration-af/.  The flyer states: "This Camp is to be closed." *Id.*

11        The flyers and public statements made by Defendants do not provide

12   residents of Camp Hope with a specific date on which Defendants intend to

13   forcibly remove the residents from their current homes. *Id.* Mark Gregory, public

14   information officer for the Spokane Sheriff's Office, explained that this was an

15   intentional decision, stating to the media: "We're never going to say when we're

16   going to – if we had to – go down and close the camp, because that wouldn't be

17   smart of us to do." *Id.* Mr. Gregory continued: "The camp is going to be closed,

18   but we want to do it without ever using law enforcement to move people out of the

19   camp . . . (A sweep) is not our goal, but if we have to, we will do that." *Id.*

20

21   _____
     [1] Some at the camp estimated the number of officers and deputies to be as high as
22   40. *See* https://www.spokesman.com/stories/2022/dec/06/this-camp-is-to-be-
     closed-confusion-frustration-af/

PLAINTIFFS' APPLICATION FOR TEMPORARY
RESTRAINING ORDER: 3

1        Plaintiffs and other residents at Camp Hope thus face imminent and

2   irreparable harm from a planned law enforcement sweep. As described in the

3   recent newspaper article cited above and further explained in the Declaration of

4   Julie Garcia (ECF No. 8), shelters in this area do not have nearly enough space to

5   house all the residents of Camp Hope, let alone all unsheltered homeless in the

6   community. *Id.* Per data collected by news reporting, there are around 150 beds

7   available throughout the entire regional shelter system, while the number of

8   homeless residents of Spokane County was estimated to be around 1,750 people in

9   2022. https://www.spokesman.com/stories/2022/dec/06/this-camp-is-to-be-closed-

10  confusion-frustration-af/.  A recent estimate from the Washington State

11  Department of Commerce based on services provided to homeless people, puts the

12  number of unhoused people in Spokane County much higher at more than 14,000

13  residents, or around 2.5% of all residents. *Id.*

14       Because there is inadequate shelter space, a sweep of Camp Hope will push

15  residents into other parts of the community where they will remain unsheltered and

16  exposed to the elements but without the services, security, and support they receive

17  at Camp Hope. *See, e.g.* decls. Fullen ¶ 4; Senn ¶¶ 5-7, Garcia ¶¶ 19-22 (ECF Nos.

18  5-8). A sweep would especially harm individuals with disabilities who are

19  sometimes not permitted to enter congregate care facilities or cannot get their

20  essential needs met in these facilities. *See, e.g.*, Decl. Garcia ¶¶ 19-23 (ECF No. 8).

21  Disabled residents would be forced to sleep outside in the winter or in an

22

PLAINTIFFS' APPLICATION FOR TEMPORARY
RESTRAINING ORDER: 4

1  institution rather than in their current protective community with integrated

2  services, warming centers, and social support. *Id.*

3       Undersigned Counsel for Plaintiffs, Jeffry Finer, hereby certifies, pursuant to

4  FRCP 65(b)(1)(B), that he has previously advised counsel for Spokane County and

5  City of Spokane of Plaintiffs' intention to seek preliminary injunctive relief, as he

6  filed and served a motion for preliminary injunctive relief on November 6, 2022.

7  ECF No. 4. Defense counsel indicated to the undersigned that there was no need

8  for an immediate hearing because there existed no immediate plans to sweep the

9  camp. However, the recent issuance of notices to residents that the camp will be

10 imminently closed and swept, with no date provided, makes clear that previous

11 indications from defense counsel regarding timing are no longer in effect and

12 immediate injunctive relief is necessary. Additional efforts to give notice to

13 Defendants should not be required because they have already had a month of

14 notice, have not responded to the initial motion for preliminary injunction, and

15 have since taken steps to indicate that the planned sweep could occur at any time.

16      TROs "preserve the status quo pending a hearing." *Hoffman v. Int'l*

17 *Longshoremen's & Warehousemen's Union, Local No. 10*, 492 F.2d 929, 933 (9th

18 Cir. 1974), aff'd sub nom. Muniz v. Hoffman, 422 U.S. 454 (1975).  This is all

19 Plaintiffs seek here – the opportunity to stay in their homes and keep their

20 possessions, without the threat of forcible removal, while the parties and Court

21 adequately consider the merits of the constitutional and legal claims made by

22 Plaintiffs in this matter.

*KSB LITIGATION, P.S.*
510 W. RIVERSIDE AVE., #300
SPOKANE, WASHINGTON 99201
PHONE (509) 624-8988

1    Plaintiffs should not be required to provide a bond or other security under

2 FRCP 65(c) because no costs or damages will be incurred by Defendants based on

3 the issuance of a TRO. Where there is no likelihood of harm to the party enjoined,

4 the requirement to post a bond may be dispensed with entirely. *Barahona-Gomez*

5 *v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

6    Thus, Plaintiffs seek a TRO:

7    (a)    Temporarily restraining Defendants from arresting and/or removing

8        residents of Camp Hope from their current location, or seizing their

9        property, without specific and individualized probable cause to arrest

10        a person for a criminal offense unrelated to an order given by

11        Defendants to disband, move, or otherwise leave Camp Hope;

12    (b)    Temporarily restraining Defendants from conducting any helicopter

13        overflights of Camp Hope and/or from utilizing infrared imaging or

14        similar technology to surveil or record the residents of Camp Hope,

15        without first obtaining a judicial warrant for such a search.

16    DATED this 7th day of December, 2022.

17

18        */s/ Jeffry Finer*
          JEFFRY K. FINER, WSBA NO. 14610
          **KSB LITIGATION, P.S.**

19        Asst: (509) 666-2835  •  Cell: (509) 981-8960
          jfiner@KSBlit.legal

20

21        **LAW OFFICE OF ANDREW S. BIVIANO, PLLC**
          Andrew S. Biviano, WSBA #38086

22        25 West Main Avenue, Suite 218

PLAINTIFFS' APPLICATION FOR TEMPORARY
RESTRAINING ORDER: 6

Spokane, WA  99201 (509) 209-2630
Email: andrewbiviano@me.com

**DISABILITY RIGHTS WASHINGTON**
David R. Carlson, WSBA # 35767
901 N. Monroe, Suite 340
Spokane, WA 9921 (206) 324-1521
Email: davidc@dr-wa.org
*Attorneys for Plaintiffs*

PLAINTIFFS' APPLICATION FOR TEMPORARY
RESTRAINING ORDER: 7

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE to be served via the method listed below to the following:

| NAME & ADDRESS | Method of Delivery |
|---|---|
| James Bernard King on behalf of CITY OF SPOKANE | ☒ CM/ECF System |
| James Bernard King on behalf of Craig Meidl | ☒ CM/ECF System |
| F Dayle Andersen, Jr on behalf of  SPOKANE COUNTY | ☒ CM/ECF System |
| F Dayle Andersen, Jr on behalf of Ozzie Kenezovich | ☒ CM/ECF System |

DATED this 7th day of December 2022.

/s    *Andrew Biviano*

PLAINTIFFS' APPLICATION FOR TEMPORARY
RESTRAINING ORDER: 8

*KSB LITIGATION, P.S.*
510 W. RIVERSIDE AVE., #300
SPOKANE, WASHINGTON 99201
PHONE (509) 624-8988

<u>Appendix A</u>



PLAINTIFFS' APPLICATION FOR TEMPORARY
RESTRAINING ORDER: 9

*KSB LITIGATION, P.S.*
510 W. RIVERSIDE AVE., #300
SPOKANE, WASHINGTON 99201
PHONE (509) 624-8988