UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER SENN; JASON BEWLEY; JERED FULLEN, DISABILITY RIGHTS WASHINGTON, and JEWELS HELPING HANDS,

Plaintiffs,

vs.

CITY OF SPOKANE, a municipal corporation; SPOKANE COUNTY, a municipal corporation; OZZIE KNEZOVICH, in his official capacity as Spokane County Sheriff; CRAIG MEIDL, in his official capacity as Spokane Police Chief;

Defendants.

NO. 2:22-cv-254-SAB

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs ask the Court to issue an *ex parte* temporary restraining order to preserve the status quo until the



***KSB LITIGATION, P.S.***
510 W. RIVERSIDE AVE., #300
SPOKANE, WASHINGTON 99201
PHONE (509) 624-8988

Court rules on Plaintiffs' motion for preliminary injunction. This application is made on the grounds set forth in the Plaintiffs' Amended Motion for Preliminary Injunction filed herewith and all pleadings and papers filed in this action. For the reasons stated below, the Court GRANTS Plaintiffs' Motion for a Temporary Restraining Order and orders Defendants to show cause as to why a preliminary injunction should not issue.

According to news reports, Spokane City and County law enforcement have recently taken steps to initiate an immediate sweep of all residents of Camp Hope, to include distributing leaflets to Camp Hope residents on December 6, 2022, informing them that "THIS CAMP IS SET TO BE CLOSED" and suggesting that a sweep is imminent. https://www.spokesman.com/stories/2022/dec/06/this-camp-is-to-be-closed-confusion-frustration-af/. Defendants have not provided a date on which they intend to sweep, meaning that it could occur at any time and prior to any judicial review of the constitutionality of the sweep. *Id.*

Plaintiffs and other residents at Camp Hope thus face imminent and irreparable harm from a planned law enforcement sweep. As described in the recent newspaper article cited above and further explained in the Declaration of Julie Garcia (ECF No. 8), shelters in this area do not have nearly enough space to house all the residents of Camp Hope, let alone all unsheltered homeless in the community. *Id.* Per data collected by news reporting, there are around 150 beds available throughout the entire regional shelter system, while the number of homeless residents of Spokane County was estimated to be around 1,750 people in



***KSB LITIGATION, P.S.***
510 W. RIVERSIDE AVE., #300
SPOKANE, WASHINGTON 99201
PHONE (509) 624-8988

2022. https://www.spokesman.com/stories/2022/dec/06/this-camp-is-to-be-closed-confusion-frustration-af/. A recent estimate from the Washington State Department of Commerce based on services provided to homeless people, puts the number of unhoused people in Spokane County much higher at more than 14,000 residents, or around 2.5% of all residents. *Id.*

Because there is inadequate shelter space, a sweep of Camp Hope will push residents into other parts of the community where they will remain unsheltered and exposed to the elements but without the services, security, and support they receive at Camp Hope. *See, e.g.* decls Fullen ¶ 4; Senn ¶¶ 5-7, Garcia ¶¶ 19-22 (ECF Nos. 5-8). A sweep would especially harm individuals with disabilities who are sometimes not permitted to enter congregate care facilities or cannot get their essential needs met in these facilities. *See, e.g.*, Decl. Garcia ¶¶ 19-23 (ECF No. 8). Disabled residents could be forced to sleep outside in the winter or in an institution rather than in their current protective community with integrated services, warming centers, and social support. *Id.*

The Court thus issues this temporary restraining order to prevent the possible violation of constitutional rights, loss of personal property, and harm to residents with without the opportunity for judicial review.

It is hereby ORDERED, ADJUDGED, AND DECREED that Defendants are temporarily restrained from:

(a) Arresting and/or removing residents of Camp Hope from their current location, or seizing their property, without specific and individualized



***KSB LITIGATION, P.S.***
510 W. RIVERSIDE AVE., #300
SPOKANE, WASHINGTON 99201
PHONE (509) 624-8988

probable cause to arrest a person for a criminal offense unrelated to an order given by Defendants to disband, move, or otherwise leave Camp Hope;

(b) Conducting any helicopter overflights of Camp Hope and/or from utilizing infrared imaging or similar technology to surveil or record the residents of Camp Hope, without first obtaining a judicial warrant for such a search.

Defendants are furthered ordered to show cause as to why a preliminary injunction should not issue. A hearing on this order to show cause will be held on December _____, 2022.

Plaintiffs are not required to provide a bond or other security under FRCP 65(c) because no costs or damages will be incurred by Defendants based on the issuance of a TRO. *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)

DATED this _____ day of December, 2022.

_______________________________

Stanley A Bastian
Chief United States District Judge



***KSB LITIGATION, P.S.***
510 W. RIVERSIDE AVE., #300
SPOKANE, WASHINGTON 99201
PHONE (509) 624-8988