

**Bob Ferguson**
## ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000 • Seattle, WA 98104-3188 • (206) 464-7744

December 8, 2022

*Sent via CM/ECF and Email*

The Honorable Stanley A. Bastian
Chief Judge
United States District Court for the Eastern District of Washington
920 W Riverside Avenue
Spokane, WA 99201

RE:   **STATEMENT OF INTEREST**
*Christopher Senn, et al. v. City of Spokane, et al.*
United Stated District Court for the Eastern District of Washington
Cause No. 2:22-cv-254-SAB

Dear Judge Bastian:

I write on behalf of non-party Washington State Department of Transportation (WSDOT), which respectfully submits this Statement of Interest regarding the above-referenced matter brought against Spokane County and the City of Spokane (Defendants). WSDOT owns the land on which the site at issue in this litigation, known as Camp Hope, is located. As such, WSDOT provides the Court with the following information, which WSDOT believes is germane to the Court's consideration of the Plaintiffs' request for a Temporary Restraining Order (TRO), and to respond to certain statements made within the briefing pending before the Court.

**Background Facts**

Camp Hope began at Spokane's City Hall to protest inadequate housing and services for the local homeless population. Rather than engaging with their

ATTORNEY GENERAL OF WASHINGTON

Statement of Interest
December 8, 2022 |
Page 2

concerns, the City of Spokane instead ordered the protesters to remove all of their property within forty-eight hours or face criminal citations. The City did not provide options for housing, shelter, or services, so the protestors moved to vacant property owned by WSDOT, now numbering approximately 415 individuals (down from more than 600 this past summer) based on currently available information. While local jurisdictions have made some progress, housing options, whether short-term shelter, transitional housing, or permanent affordable housing, remain inadequate for the City's unhoused population.

According to Shelter Me Spokane, a real-time website that lists shelter availability in and around the City of Spokane, few shelter beds are currently available.[1] For example, the short-term shelter primarily featured on law enforcements' purported closure notice, the Trent Resource and Assistance Center, has ***just 34 beds*** available during the daytime today (out of a capacity of 250). Naturally, that number will decrease as unhoused individuals from anywhere within the Spokane area, not just Camp Hope, seek a place to sleep inside at night. The Cannon Street Shelter is full, and the other low-barrier shelters (including shelters for adult women, youth, and families with minor children) have just 41 additional beds available between them. Even the Catalyst Project, which opens today and will provide desperately needed transitional housing and wraparound services for some of the individuals at the Camp Hope site, has just 100 rooms. Unfortunately, need far exceeds availability by hundreds of beds, and there is nowhere for the vast majority of those at the Camp Hope site to go at this time.

---

[1] www.sheltermespokane.com (last accessed December 8, 2022)

ATTORNEY GENERAL OF WASHINGTON

Statement of Interest
December 8, 2022 |
Page 3



Figure 1 Source: https://sheltermespokane.org/ (last accessed 12/8/22)

WSDOT, along with the Washington State Department of Commerce (Commerce), is implementing an operational plan to humanely close Camp Hope by working to continue transitioning individuals on site to **long-term** housing and connect them with needed services. Simply put, the Legislature has pivoted away from—when reasonably practicable—forceful sweeps in favor of holistic, longer-term solutions and services when addressing encampments on State-owned rights of way. Although slower than the local jurisdictions' preferred option of immediately closing/"sweeping" the site, WSDOT and Commerce's plan is consistent with this approach. In contrast, the undefined "plan" at issue in this case to immediately remove people and property frustrates the Legislature's goals and would likely result in scattering the unhoused into the streets and neighborhoods of Spokane.

With that said, WSDOT's decision to not yet exercise its legal rights and remedies to close the site should not be construed as, and is not, permission by WSDOT for the individuals living at and the property located at the site to remain, let alone indefinitely.[2] WSDOT has reserved and continues to reserve all rights and remedies, and previously advised Plaintiffs' counsel regarding same.

**The County's Lawsuit against the State of Washington and WSDOT in Superior Court**

On October 10, 2022, the County of Spokane sued the State of Washington and WSDOT in Spokane County Superior Court related to Camp Hope. *County of Spokane v. Washington*, No. 22-2-03537-32 (hereinafter, the "State Court Case") (assigned to Judge Bjelkengren). On October 27, 2022, in the State Court Case, the County filed a Motion for Preliminary Injunction seeking an order "authorizing the transition of camp residents to the available bed spaces and services presented by the City and County of Spokane." WSDOT opposed the County's Motion, arguing that the County's legal claims were meritless and factually unsupported, and that the balance of the equities and public interest weighed against the County's requested relief. The County re-noted its Motion and that motion for preliminary injunction is scheduled for a hearing on December 20, 2022.[3] The State is happy to provide any briefing from the State Court Case, should this Court believe it helpful to its consideration of the instant motion for TRO, or Plaintiffs' amended motion for preliminary injunction.

---

[2] Plaintiffs assert in their *Amended Motion for Preliminary Declaratory and Injunctive Relief* that "All reside here with the permission of the landowner." (ECF No. 16 at 4). As WSDOT previously wrote to Plaintiffs' counsel, "while the State is committed to humanely resolving the situation at Camp Hope by making reasonable efforts to transition to long-term housing and provide services on an interim basis, those individuals are trespassing on WSDOT property." In other words, WSDOT has not given permission for the individuals to remain on site.

[3] WSDOT is puzzled by the County's response to the Motion for TRO, which merely attaches the County's Complaint in the State Court Case and various declarations from that case. ECF Nos. 17–21. Setting aside that they are not viable claims, the County's allegations in the State Court Case do not justify, excuse, or otherwise authorize the City and County to commit violations of constitutional rights.

ATTORNEY GENERAL OF WASHINGTON

Statement of Interest
December 8, 2022 |
Page 5

**Plaintiffs' Pending Motion for TRO in This Lawsuit**

As the Court is aware from *Plaintiffs' Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue* (ECF No. 15), law enforcement officers affiliated with Defendants, without advance notice to WSDOT, arrived on site on December 6 and December 7, 2022,[4] and distributed fliers purportedly warning that "THIS CAMP IS TO BE CLOSED." The law enforcement officers provided no specific date of closure, which was purportedly an intentional decision. *See* ECF No. 15, Pl's. App. for TRO, at 3. The visits were immediately decried as intimidation and a show of force by those at the site, and interrupted the efforts of service providers retained by the State to progress its transitional housing policy decisions (including those from The Catalyst Project finalizing paperwork for individuals scheduled to move there).[5]

In their TRO Motion, Plaintiffs seek two forms of relief: (1) maintaining the status quo by temporarily restraining the City and County from disbanding Camp Hope at its present location; and (2) temporarily restraining Defendants from, absent a search warrant, conducting helicopter overflights and/or using infrared imaging or similar technology to surveil or record those located on Camp Hope. WSDOT does not take issue with the second request for relief.

As relates to the first request, WSDOT does not object to the general maintenance of the status quo pending the Court's resolution of the motion for preliminary injunction scheduled for early January; however, WSDOT respectfully requests the Court's order explicitly provide that any Camp Hope individual on site may nonetheless be removed from WSDOT property for any violation of law or any provision of an agreement setting behavioral requirements. In short, WSDOT requests that any order issued by this Court be narrowly tailored and not hinder the work of WSDOT and its partner agencies (including local law enforcement as necessary)—in accordance with and as contemplated by Washington law—in

---

[4] WSDOT is not privy to the defendants' future plans to visit the site.

[5] Spokane council to debate legality of sheriff's actions at Camp Hope, https://www.thecentersquare.com/washington/spokane-council-to-debate-legality-of-sheriffs-actions-at-camp-hope/article_eb7097ec-7727-11ed-9fa9-5f24dfdb473e.html, (last accessed December 8, 2022)

Statement of Interest
December 8, 2022 |
Page 6

implementing its mitigation plan to address encampments on State-owned rights of way.

WSDOT appreciates the Court's consideration of the issues raised in this letter. If the Court should request additional information or briefing, WSDOT will be happy to provide it.

Respectfully,

ROBERT W. FERGUSON
Attorney General

*s/ Kelsey E. Endres*
KELSEY ENDRES, WSBA No. 39409
JONATHAN J. GUSS, WSBA No. 57663
Assistant Attorneys General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Kelsey.Endres@atg.wa.gov
Jonathan.Guss@atg.wa.gov

JOSEPH D. EHLE, WSBA No. 28537
Assistant Attorney General
Multidivisional Legal Services Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-2496
Joseph.Ehle@atg.wa.gov

*Attorneys for State of Washington and Washington State Department of Transportation*

KEE:jhw

cc:    Counsel for Plaintiffs and Defendants