FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 12, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER SENN; JASON BEWLEY; JERED FULLEN; DISABILITY RIGHTS WASHINGTON; and JEWELS HELPING HANDS,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SPOKANE, a municipal corporation; SPOKANE COUNTY, a municipal corporation; OZZIE KNEZOVICH, in his official capacity as Spokane County Sheriff; CRAIG MEIDL, in his official capacity as Spokane Police Chief,<br><br>    Defendants. | No. 2:22-CV-00254-SAB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before the Court is Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order, ECF No. 15. The motion was considered on the written submissions.

Plaintiffs are volunteers and occupants of "Camp Hope," an encampment of people experiencing homelessness near I-90 and Freya Street in Spokane, Washington. Residents at Camp Hope receive essential services like food, shelter,

**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER *1**

employment, healthcare, privacy, stability, and a community of support. Plaintiffs allege that Defendants intend to forcibly relocate the residents of Camp Hope, arrest those who refuse to leave, and remove property on the site. In recent days, Plaintiffs also claim that Defendants have increased police presence, distributed leaflets telling residents a sweep is imminent, and flown helicopters over the site with infrared scanning to surveil the tents, RVs, and temporary shelters. Plaintiffs claim they and other residents face imminent harm from a planned law enforcement sweep, with no alternative place to go due to the lack of beds in shelters, and without consideration of the additional needs of people with disabilities.

Camp Hope is not on land owned by either the City of Spokane or the County of Spokane. Instead, it is on land owned by the State of Washington, which is not trying to forcibly evict the residents because the Spokane area does not have sufficient shelter for people experiencing homelessness and the need for shelter far exceeds the number of beds available.

A temporary restraining order preserves the status quo until a preliminary injunction is heard to prevent irreparable loss prior to judgment. *Grondal v. United States*, No. CV-09-0018-JLQ, 2009 WL 233887, at *1 (E.D. Wash. Jan. 30, 2009). A motion for a temporary restraining order must show a risk of immediate and irreparable injury and a certification in writing of any efforts to give notice. Fed. R. Civ. P. 65(b)(1)(A)–(B). Otherwise, the standard follows that of a preliminary injunction, where Plaintiffs must show (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in the petitioner's favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** *2

In this case, the Court finds that Plaintiffs have a likelihood of success on one, several, or all their claims. The loss of Plaintiffs' temporary shelter and the services provided at Camp Hope presents an immediate risk of irreparable injury. It also demonstrates a balance of hardship tipping sharply for Plaintiffs. The public interest lies with keeping people in temporary shelter with services until the legal action is concluded.

Plaintiffs' counsel also certified their efforts to give notice to Defendants and the reasons why it should not be required. Plaintiffs have demonstrated good cause for filing the motion *ex parte*; however, the Court observes that Defendants responded to the motion and appear to have actual notice and have filed responses. Since the requirements of Fed. R. Civ. P. 65(b) are satisfied, the motion is granted. The Court sets an expedited oral argument on Plaintiffs' Motion for Preliminary Injunction, ECF No. 16.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Temporary Restraining Order, ECF No. 15, is **GRANTED.**

2. All Defendants are **ENJOINED** from the following:

   **A.** Arresting and/or removing residents of Camp Hope from their current location, or seizing their property, without specific and individualized probable cause to arrest a person for a criminal offense unrelated to an order given by Defendants to disband, move, or otherwise leave Camp Hope; **and**

   **B.** Utilizing infrared imaging or similar technology to surveil or record the residents of Camp Hope, without first obtaining a judicial warrant for such a search.

3. A motion hearing on Plaintiffs' Motion for Preliminary Injunction, ECF No. 16, is **SET** for **December 28, 2022**, at **1:00 p.m.** in **Yakima**, Washington.

**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** *3

4.      This temporary restraining order shall remain in effect until the Court issues an order dissolving it and resolving the pending Motion for Preliminary Injunction, ECF No. 16. Pursuant to Fed. R. Civ. P. 65(b)(2), the Court concludes good cause exists to extend the temporary restraining order slightly, given the severity of the irreparable injury alleged in this case.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 12th day of December 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER *4**